IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN J. RAMOS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK, N.A., et al.,<br><br>Defendants. | Case No. 20-cv-01433-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND; VACATING HEARING** |

Before the Court is plaintiffs' Motion for Remand, filed May 22, 2020, by which motion plaintiffs seek an order remanding the above-titled action to state court, based on lack of diversity jurisdiction and the doctrine of abstention established in Burford v. Sun Oil Co., 319 U.S. 315 (1943). Defendant JPMorgan Chase Bank, N.A. ("Chase") has filed opposition; plaintiffs have not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for July 10, 2020, and rules as follows.

First, contrary to plaintiffs' argument, Chase has met its burden of showing diversity of citizenship. It is undisputed that plaintiffs are citizens of California (see Compl. ¶ 1; Mot. at 14:8; Notice of Removal ¶ 6) and that defendant Select Portfolio Servicing, Inc. is a citizen of Utah (see Compl. ¶ 3; Notice of Removal ¶ 9 & Ex. C). As to the other defendants named in the instant action, specifically, Chase and U.S. Bank, N.A., both of which are national banking associations (see Chase's Request for Judicial

Notice, Exs. A-C),[1] the Court, for the reasons stated by Chase, finds said entities are citizens of Ohio.[2] (See id.); see also Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006) (holding national banking association is citizen of state where its main office is located according to its articles of association); Shin v. Washington Mut. Bank, F.A., No. 18-CV-02143-YGR, 2018 WL 3392138, at *3 (N.D. Cal. July 12, 2018) (holding "Chase is a national banking association with its main office, as designated in its articles of association, in Columbus, Ohio"); Williams v. Bank of Am., N.A., No. 15-CV-00792-LHK, 2015 WL 1885455, at *3 (N.D. Cal. Apr. 24, 2015) (holding "U.S. Bank, a Delaware corporation whose main office is in Cincinnati, Ohio, is a citizen of Ohio for purposes of diversity jurisdiction"). Accordingly, as the instant action involves claims by citizens of California against citizens of Utah and Ohio, there is complete diversity of citizenship among the parties.

Next, the Court finds unpersuasive plaintiffs' argument that the above-titled action, should be remanded under the doctrine of abstention established in Burford v. Sun Oil Co., 319 U.S. 315 (1943). Plaintiffs assert claims for quiet title, cancellation of instruments, slander of title, and violations of the California Homeowners Bill of Rights, and are seeking damages as well as an injunction precluding defendants from completing a non-judicial foreclosure. For the reasons stated by Chase, plaintiffs' suit does not meet the requirements for abstention under Burford. See United States v. Morros, 268 F.3d 695, 705 (9th Cir. 2001) (explaining Burford abstention requires: that "the state has

---

[1] Chase's unopposed request for judicial notice of public records of the United States Office of the Comptroller of the Currency and the Federal Deposit Insurance Corporation is hereby GRANTED. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (holding court may "take judicial notice of matters of public record"); see also Kenery v. Wells Fargo, N.A., No. 5:13-cv-02411-BLF, 2014 WL 4183274, at *2 (N.D. Cal. Aug. 22, 2014) (taking judicial notice of "[p]rintout from the website of the Federal Deposit Insurance Corporation").

[2] Contrary to plaintiffs' argument, the citizenship of Clear Recon Corp., a non-party, is not relevant to the Court's determination as to diversity of citizenship. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest" (emphasis added)).

chosen to concentrate suits challenging the actions of the <u>agency</u> involved in a particular court," that "federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence," and that "federal review might disrupt state efforts to establish a coherent policy" (emphasis added)); <u>see also</u> <u>Palencia v. Ocwen Fin. Servs., Inc.</u>, No. 11-cv-8183-PA, 2011 WL 13223523, at *2 (C.D. Cal. Dec. 14, 2011) (finding <u>Burford</u> abstention unwarranted in action challenging foreclosure).  Moreover, even if <u>Burford</u> abstention were warranted, remand would not be appropriate here, as plaintiffs seek damages.  See <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 721 (1996) ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.").

Accordingly, plaintiffs' motion for remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 26, 2020

MAXINE M. CHESNEY
United States District Judge